IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY TENON, | : | CIVIL ACTION NO. **1:12-CV-1278** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WILLIAM DREIBELBIS, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

## I.      BACKGROUND.

On July 3, 2012, *pro se* Plaintiff Anthony Tenon, an inmate at SCI-Smithfield, Huntingdon , PA, filed this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on this same date.   (Doc. 2).

In his original Complaint, Plaintiff alleged Eighth Amendment delay and denial of medical care claims regarding his fractured jaw condition against the following SCI-Smithfield Defendants: William Dreibelbis, Corrections Health Care Administrator; Ronald Long, Medical Doctor; Josh Mahuut, Physician's Assistant; Sean Tyson, Physician's Assistant; and Dr. Agawal, Medical Doctor.  (Doc. 1, p. 2).   Plaintiff attached Exhibits to his original Complaint, Exs. A-G.

We screened Plaintiff's original Complaint as we are obliged to do under the Prison Litigation Reform Act, and issued a Report and Recommendation (Doc. 8) on July 24, 2012. While our Report and Recommendation was pending, Plaintiff filed an Amended Complaint on August 13, 2012.  (Doc. 10).   Thus, in an Order dated August 15, 2012, the Court rejected our

Report and Recommendation as Moot on the basis that Plaintiff's Amended Complaint superceded his Original Complaint. (Doc. 11). The Court also remanded the case to the undersigned for further proceedings, including screening Plaintiff's Amended Complaint.

In his Amended Complaint, Plaintiff again alleges Eighth Amendment delay and denial of medical care claims regarding his fractured jaw condition against the following SCI-Smithfield Defendants: William Dreibelbis, Corrections Health Care Administrator "(HCA"); Ronald Long, Medical Doctor; Josh Mahuut, Physician's Assistant ("P.A."); Sean Tyson, Physician's Assistant; and Dr. Agawal, Medical Doctor. (Doc. 10, p. 2). In his Amended Complaint, Plaintiff mistakenly names Dr. Long twice as a Defendant and omits Dr. Agawal as a Defendant. (*Id*.). However, the body of Plaintiff 's amended pleading makes clear that Plaintiff intended to re-name Dr. Agawal as a Defendant. Plaintiff also states that he is rasing state law tort claims and seeks the court to exercise its supplemental jurisdiction over these claims under 28 U.S.C. §1367.

As employees of the PA Department of Corrections ("DOC"), all Defendants are state actors.

## II.    STANDARDS OF REVIEW.

### *A.    PLRA*

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

---

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

## B.    42 U.S.C. § 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

C.    **MOTION TO DISMISS**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433

(2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

### III.    ALLEGATIONS OF AMENDED COMPLAINT.

Plaintiff states that due to his diabetic condition, the medical department at SCI-Smithfield listed him as a "Chronic Care Patient" and that he must receive daily doses of insulin twice per day.  Plaintiff claims that, on July 16, 2010, he suffered a diabetic seizure which caused him to faint, and as he fainted, he hit his face on his toilet bowl.  (Doc. 10, p. 3).  He avers that when he woke up after an unknown amount of time, he was bleeding from his mouth and his jaw was swollen and in excruciating pain.  (*Id.*).  Plaintiff states that he was immediately taken to the Medical Department where he was seen by Defendant P.A. Mahuut.  (*Id.*).  Plaintiff explained to Mahuut that his jaw was in excruciating pain, he could not open his mouth, and he could feel a clicking or grinding in his jaw when he did try to open his mouth.  (*Id.*).  He was examined by Defendant P.A. Mahuut who concluded that Plaintiff may have broken his jaw, and as a result of this conclusion, Mahuut ordered an x-ray for Plaintiff and prescribed him a liquid diet and Motrin.  (*Id.*).  However, Plaintiff alleges he never received a liquid diet because either Defendant Mahutt never placed the liquid diet order or Defendant Dreibelbis never approved P.A. Mahuut's order.  (*Id.*).  As a result, Plaintiff avers that he was forced to try to eat solid foods but that he could not properly eat.  Consequently, Plaintiff avers that his diabetes and blood sugar levels went "out of whack causing sickness." (Doc. 10, p. 4).

On July 22, 2010, Plaintiff received an x-ray, and afterwards was examined and told by Defendant P.A. Tyson that the x-ray showed a single fracture to his jaw resulting from the July 16 seizure and fall.  (*Id.*).  Plaintiff contends that he informed Defendant Tyson that he was unable to eat and was not receiving a liquid diet as prescribed, and that Defendant Tyson told

him it could have been a result of a delay in paperwork to approve of the liquid diet. (Doc. 10, pp. 4, 7). Defendant Tyson informed Plaintiff that he would place him on the "Sick Call List" so he could be seen by a doctor. (*Id.*).

Approximately one (1) week later, *i.e.*, on or about July 29, 2010, Plaintiff states that he was examined by Defendant Dr. Agawal who confirmed that Plaintiff suffered a single fracture in his jaw. (*Id.*). Plaintiff informed Defendant Dr. Agawal that he was still in excruciating pain and was not receiving a liquid diet. Plaintiff also told Dr. Agawal that the prescribed Motrin was "effective" in treating his severe jaw pain. Further, Plaintiff avers that Dr. Agawal stated only that he would be scheduled to see an outside surgeon for surgery on his jaw. (*Id.*).

On July 30, 2010, Plaintiff alleges that he submitted a "Sick Call Request" (Doc. 1, Exhibit "A") requesting to be seen by the medical staff because the Motrin was not helping his pain. (*Id.*).[2] However, Plaintiff alleges that his sick call request was either ignored or denied by Defendants Mahuut and/or Tyson because he was never examined. (Doc. 10, pp. 5, 8).

On August 5, 2010, Plaintiff avers that he submitted an "Inmate Request Slip to Staff Member" (*See* Doc. 1, Exhibit "B") addressed to Dr. Long, informing him that his jaw was causing him so much pain that he could not eat or sleep, the Motrin was not alleviating the pain, and his prior sick call request was ignored**.** (Doc. 10, pp. 5, 8). However, Plaintiff states

---

[2]The Court can consider Plaintiff's exhibits submitted with his original Complaint for present screening purposes. *See Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.); *Pension Benefit Guarantee Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993); *Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).

that this Inmate Request was also ignored or denied by Defendant Long since he was never examined. (*Id.*; *see* Doc. 1, Exhibit "B").

On August 14, 2010, Plaintiff submitted a second "Sick Call Request" (*See* Doc. 1, Exhibit "C") requesting treatment of his severe pain from broken jaw. (Doc. 10, pp. 5, 8). Plaintiff avers that for a second time his request to seek treatment was either ignored or denied as he was not examined. (*Id.*).

On August 19, 2010, Plaintiff submitted a second "Inmate Request Slip to Staff Member" (Doc. 1, Exhibit "D") again addressed it to Dr. Long reiterating how his two prior sick calls and his prior Inmate Request had been ignored, and stating that he was still in extreme pain and in need of treatment. Plaintiff also inquired into when his jaw would be fixed. (Doc. 10, pp. 5-6).

Plaintiff avers that Defendant HCA Dreibelis was responsible to approve requests for special diets made by P.A.'s and doctors. *(Id., p. 6)*.

Plaintiff avers that also, on August 19, 2010, he submitted an Official Grievance (*See* Doc. 1, Exhibit "E") with the Superintendent's Assistant and Grievance Coordinator Mr. Lisa Hollibaugh complaining that he was being denied and delayed treatment for his severe pain and broken jaw. (Doc. 10, p. 6). Plaintiff alleges that he was immediately sent to the Medical Hospital of SCI-Pittsburgh for surgery.

Plaintiff states that within a few days, he was examined by Dr. Chung, a Maxo/Facial Specialist with the University of Pittsburgh Medical Center "(UPMC"), who discovered Plaintiff's jaw was broken in three (3) places from the fall that occurred five (5) weeks prior. (*Id.*). Shortly thereafter, Plaintiff was transferred to UPMC and Dr. Chung performed surgery on him and

fixed two of the fractures in Plaintiff's jaw. (*Id.*). Dr. Chung determined that the other fracture would heal on its own.

As relief in his Amended Complaint, Plaintiff requests that the Court: (1) issue a declaratory statement that Defendants have violated Plaintiff's state and federal constitutional rights; (2) award Plaintiff compensatory and punitive damages against each Defendant, jointly and severally; (3) award Plaintiff attorney's fees; and (4) award any other relief the Court may deem fair. (Doc. 10, p. 11).

Plaintiff did not state in his Amended Complaint if he is suing all Defendants in their official and/or personal capacities.

Based on these facts, Plaintiff alleges Eighth Amendment denial and delay of medical care claims against all Defendants as well as negligence claims under state tort law. (Doc. 10, p. 10).

Plaintiff states that he exhausted his DOC administrative remedies with respect to his claims and he cites to his Exhibits attached to his original Complaint for support. (Doc. 10, p. 9).

## IV.    DISCUSSION.

### A.    *EIGHTH AMENDMENT DENIAL OF MEDICAL CARE CLAIMS*

Plaintiff alleges Eighth Amendment denial of medical claims stating that all five (5) Defendants acted with deliberate indifference to his serious medical needs with respect to his fractured jaw. Plaintiff avers that Defendants had personal knowledge of his broken jaw, lack of liquid diet, diabetic condition, and numerous sick call and inmate requests relating to his jaw

pain, but yet failed to properly diagnose, x-ray and, timely and properly treat his broken jaw, which led to an inability to eat resulting in uncontrolled diabetes. (Doc. 10, pp. 8-9). Plaintiff avers that Defendants delayed treatment for his severe jaw pain and that they failed to alleviate his pain. He claims that Defendant Dreibelbis, the corrections Health Care Administrator at SCI-Smithfield, had "direct knowledge of the plaintiff's serious medical injury by way of the reports and recommendations submitted to him by each of the Defendants named herein, yet Defendant Dreibelbis continuously denied both the prescribed treatment, and unreasonably delayed the recommended treatment of Defendant P.A. Mahuut; Defendant P.A. Tyson; and Defendant Doctor Agawal." (Doc. 10, p. 9).

Plaintiff claims that as a result of the Defendants' denial of medical care, he suffered excruciating pain causing lack of sleep and an inability to eat. Furthermore, he states that a result of the delay in treatment of his broken jaw, he now has a crooked jaw line and permanent disfigurement that prevents him from chewing properly. (Doc. 10, p. 9).

Based on these aforementioned facts, it is clear that Plaintiff has properly alleged, in his Amended Complaint, the personal involvement of each Defendant regarding his Eighth Amendment denial of medical care claims. The remaining issue is now whether Plaintiff has properly alleged the Eighth Amendment denial of medical care standard which requires Plaintiff to allege a defendant acted with "deliberate indifference to a serious medical need."

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.) *citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to successfully raise an

Eighth Amendment medical care claim, a plaintiff inmate must allege that the defendant was deliberately indifferent to plaintiff's serious medical needs. *Williams v. Klem*, 2008 WL 4453100, \*7 (M.D. Pa.) *quoting Monmouth Cty. Corre. Inst. Inmates v. Lanzaro*, 834 F. 2d 326, 346 (3d Cir. 1987).

According to the Court in *Iseley v. Beard*, a prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of and disregards an excessive risk to inmate health or safety." 2009 WL 1675731, \*7 (M.D. Pa.)(quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). According to the Supreme Court in *Estelle*, negligently diagnosing or treating a medical condition does not amount to an Eighth Amendment violation of an inmate's right to medical care/ treatment. *Estelle,* 429 U.S. at 106.

Furthermore, according to the *Williams* Court:

> A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. . . [I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.

2008 WL 4453100, \*7 (M.D. Pa.)(citing *Monmouth Ct. Corr. Inst. Inmates*, 834 F.2d at 347); *see also Young v. Kazmerski*, 266 Fed. Appx. 191, 193 (3d Cir. 2008).

Additionally, an inmate who was given medical care and is simply disputing the adequacy of care does not meet the deliberate indifference standard. According to the Court in *Robinson v. U.S.*, 2010 WL 1254277, \*14 (M.D. Pa.):

This [Eighth Amendment ] test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." *Little v. Lycoming County,* 912 F.Supp. 809, 815 (M.D.Pa.1996) (citing *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979), quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)). When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria,* 709 F.Supp. 542, 547 (M.D.Pa.1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Lanzaro,* 834 F.2d at 346. Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napolean,* 897 F.2d 103, 108-10 (3d Cir.1990).

Therefore, Plaintiff must allege that Defendants acted with deliberate indifference to his serious medical condition. As discussed below, we find that Plaintiff's Amended Complaint with regards to Defendants Mahuut, Tyson and Agawal is aimed at the adequacy of the medical care received. However, with respect to Defendants Long and Dreibelbis, we find that Plaintiff alleges these Defendants ignored his requests for a stronger pain medication, a liquid diet, and further medical treatment to fix his broken jaw. As such, we will recommend that Plaintiff's Eighth Amendment denial of medical care claims be allowed to proceed only against Defendants Long and Dreibelbis.

In order to determine whether Plaintiff Tenon has properly alleged cognizable Eighth Amendment denial of medical care claims, we will address the allegations and facts asserted in relation to each Defendant in order to determine whether he has properly alleged a denial of medical care claim against that Defendant. We begin our analysis with Defendant P.A. Mahuut. Plaintiff alleges that Defendant P.A. Mahuut first examined him immediately following the

seizure and fall that resulted in the injury to Plaintiff's jaw. Defendant P.A. Mahuut ordered an x-ray and prescribed a liquid diet and the pain killer Motrin. (Doc. 10, pp. 3-4, 7). Plaintiff also alleges that on July 30, 2010, he submitted a Sick Call Request to the medical department asking to be seen by a P.A. for his severe pain, and that Defendants Mahuut and Tyson ignored this Request. (*Id.*, p. 8).

We again find that Plaintiff does not satisfy the deliberate indifference prong of a denial of medical care claim as against Defendant Mahuut because he received immediate care, and Defendant Mahuut properly treated him by ordering an x-ray, and by prescribing a liquid diet and Motrin. Also, Plaintiff does not allege the he directly informed Defendant P.A. Mahuut that after his examination, he continued to have severe pain and was denied a liquid diet that Mahuut had ordered. Furthermore, the fact that the x-ray ordered by Defendant P.A. Mahuut did not take place until six (6) days after Plaintiff saw Defendant Mahuut does not necessarily imply with this was Defendant Mahuut's fault, especially since Plaintiff does not allege Mahuut was responsible for the delay. Thus, the allegations against Defendant Mahuut do not show that he acted with deliberate indifference to Plaintiff's serious medical needs.

The Third Circuit issued an opinion with a similar set of circumstances in *Mimms v. U.N.I.C.O.R*, 2010 WL 2747470, *2 (3d Cir. 1010), stating:

> [Defendant] did not satisfy the standard for deliberate indifference. According to Mimms' own allegations, he received immediate medical care, and he did not specify what treatment, if any, he was denied. Although he claimed that he experienced continuing pain, the District Court properly noted that he did not allege that the pain was severe or that he informed prison officials about the pain and was denied treatment.
> The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and

whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). We will recommend that Plaintiff's denial of medical care claims against Defendant P.A. Mahuut be dismissed with prejudice. Since Plaintiff has already had the opportunity to amend his original Complaint after we issued our initial R&R screening it and detailing its deficiencies, we find futility and prejudice to Defendant in allowing Plaintiff to file a second amended Complaint to include more specific facts as to Defendant Mahuut.

We now turn to Defendant P.A. Tyson. Plaintiff alleges that Defendant Tyson told him the x-ray confirmed that Plaintiff had broken his jaw as a result of his seizure and fall on July 16, 2010, and that he (Tyson) would place Plaintiff on a sick call list so that Plaintiff could be seen by a physician. (Doc. 10, pp. 4, 7). Defendant Tyson also indicated that the liquid diet was ordered for Plaintiff, but that sometimes the paperwork takes time to be processed. (*Id*.). As stated, Plaintiff also alleges that on July 30, 2010, he submitted a Sick Call Request to the medical department asking to be seen by a P.A. for his severe pain, and that Defendants Mahuut and Tyson ignored this Request. (*Id*., p. 8).

Again, as discussed in the analysis regarding Defendant Mahuut, we do not find that Plaintiff meets the "deliberate indifference to a serious medical need" standard of an Eighth Amendment denial of medical care claim with respect to Defendant Tyson. Also, as with Defendant Mahuut, since Plaintiff has already had the opportunity to amend his original Complaint after we issued our initial R&R screening it, we find futility and prejudice to

Defendant in allowing Plaintiff to file a second amended Complaint as against Defendant Tyson. Thus, we will recommend that Plaintiff's claims against Defendant Tyson be dismissed with prejudice.

Next, we turn to Defendant Dr. Agawal. Plaintiff alleges that Defendant Agawal confirmed that Plaintiff's jaw was broken, and that Plaintiff explained to Defendant Dr. Agawal that he was still in excruciating pain and not receiving a liquid diet. (Doc. 10, pp. 4, 7). Plaintiff also told Dr. Agawal that the Motrin was "effective" in treating his severe jaw pain. (*Id.*, p. 4). Plaintiff also alleged that he asked Defendant Dr. Agawal for stronger pain medication for his severe jaw pain. Plaintiff avers that Defendant Dr. Agawal simply advised him that he would be scheduled to see an oral surgeon for surgery. (*Id.*). We find that Plaintiff has failed to allege enough facts to support the "deliberate indifference to a serious medical need" standard of a denial of medical care claim with regards to Defendant Dr. Agawal.

Therefore, we will recommend that Plaintiff's claim against Defendant Dr. Agawal be dismissed with prejudice since Plaintiff already had the opportunity to file his Amended Complaint and allege more facts in support of his claim against Defendant Dr. Agawal. We find futility and prejudice to Defendant in allowing Plaintiff to file a second amended Complaint as against Defendant Dr. Agawal.

Regarding Defendant Dr. Long, Plaintiff alleges that he submitted two "Inmate Request to Staff Member" to Dr. Long stating that he needed to be seen for his broken jaw, has had his sick call requests and requests for pain medication ignored, and was still experiencing extreme pain causing difficulty with sleeping and eating. (Doc. 10, pp. 5, 8). Plaintiff alleges that his

Requests were ignored. Plaintiff states that Defendant Dr. Long had knowledge of his broken jaw, his severe pain, and his inability to eat and sleep. Plaintiff states that despite this knowledge, Defendant Dr. Long repeatedly ignored and denied him treatment.

We find that Plaintiff has now alleged enough facts showing that Defendant Dr. Long acted with deliberate indifference to a serious medical need. Accordingly, we will recommend that the Court allow Plaintiff's Eighth Amendment denial of medical care claims against Defendant Dr. Long to proceed.

Lastly, regarding Defendant HCA Dreibelbis, Plaintiff alleges that Dreibelbis had direct knowledge of his broken jaw and that Dreibelbis acted with deliberate indifference to his serious medical needs. Plaintiff avers that despite Defendant Dreibelbis' knowledge of Plaintiff's broken jaw and diabetic condition, Dreibelbis failed to direct the Dietary Supervisor to give Plaintiff a liquid diet in defiance of Defendant P.A. Mahuut's prescription. (Doc. 10, p. 9). According to Plaintiff, Defendant Dreibelbis also failed to carry out his responsibility of overseeing and approving the findings and recommendations of the doctors and physician's assistants. As a result, Plaintiff avers that his diabetes went uncontrolled putting Plaintiff at risk, and he claims his jaw is permanently disfigured causing difficulty chewing. Plaintiff made it clear in his Amended Complaint that Defendant Dreibelbis had knowledge of Plaintiff's broken jaw, diabetic condition, and the liquid diet prescribed by Defendant P.A. Mahuut, yet did nothing to make sure he received the nutrition he needed to keep his blood sugar levels stable. (*Id*.). Therefore, we will recommend that Plaintiff's Eighth Amendment denial of medical care claims be permitted to proceed against Defendant Dreibelbis since we find that Plaintiff has

properly alleged that Dreibelbis acted with deliberate indifference to Plaintiff's serious medical needs.

### B.     STATE TORT LAW NEGLIGENCE CLAIMS

Plaintiff also asserts state law negligence claims against Defendants Dreibelbis, Mahuut, Tyson, Agawal and Long stating that they were negligent because they denied and delayed Plaintiff's requests for medical treatment of his severe jaw pain, and also knowingly failed to provide him with a liquid diet, resulting in severe and unnecessary pain as well as permanent disfigurement. (Doc. 10, p. 10). Plaintiff seeks the Court to exercise its pendent jurisdiction over his state law claims.

In *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 784 (3d. Cir. 1995), the Third Circuit stated:

> There are several sources for original jurisdiction in the federal courts: (1) federal question jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331; (2) diversity of citizenship jurisdiction of civil actions where the matter in controversy exceeds $ 50,000, and is between citizens of different states under 28 U.S.C. § 1332; and (3) other specific jurisdictional statutes.
>
> In addition, pursuant to 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction [except diversity cases], the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . Thus § 1367 provides federal courts with statutory authority to hear some claims that lack an independent basis for federal subject matter jurisdiction.

Therefore, as long as the Court retains original federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Court may exercise supplemental jurisdiction over Plaintiff's state

law negligence claim pursuant to 28 U.S.C. § 1367(a).

Initially, to the extent Plaintiff is deemed as raising professional medical malpractice claims against the five SCI-Smithfield medical staff Defendants, he was required to have filed a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1). A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.). "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted). The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).

There is no record that Plaintiff Tenon filed a COM in this case. Thus, we will recommend that any professional medical malpractice claim Plaintiff is raising against the SCI-Smithfield medical staff Defendants, Dreibelbis, Mahuut, Tyson, Agawal and Long, be dismissed.

Additionally, the individual Defendants are immune from Plaintiff's state law negligence claims based on sovereign immunity, for the damages Plaintiff alleges with respect to any acts they took within the scope of their employment with DOC. *See* 1 Pa.C.S.A. §2310; *see also Petry v. Beard*, 2011 WL 1398476, *11 (M.D. Pa. April 13, 2011); *Larsen v. State Employees' Retirement System*, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008). Sovereign immunity applies to employees of the state in both their official and individual capacities if the employees are acting within the scope of their duties. *Larsen v. State Employees' Retirement System*, 553 F.Supp.2d at 420. We find, based on the above detailed allegations of Plaintiff's Amended Complaint, that Defendants are all DOC employees and were acting within the scope of their employment with respect to their conduct alleged in this pleading. We also do not find that any of the narrow exceptions to sovereign immunity apply in this case. *See* 42 Pa.C.S.A. §8522.

Further, "[t]he [PA] General Assembly has not waived immunity for intentional torts or claims under the Pennsylvania constitution." *Larsen v. State Employees' Retirement System*, 553 F.Supp.2d at 420(citations omitted).

Thus, we will recommend that Plaintiff's state law negligence claims against all five Defendants be dismissed with prejudice. Based on the foregoing discussion, since we find that the sovereign immunity bars Plaintiff's state law negligence claim against Defendants, we find futility in allowing Plaintiff to amend his state law negligence claim. *See Larsen, supra*.

### C. DAMAGES CLAIMS

As relief, Plaintiff is seeking compensatory damages against each Defendant, jointly and severally. He is also seeking punitive damages against each Defendant, jointly and severally. (Doc. 10, p. 11). As mentioned, Plaintiff did not indicate in what capacity he is suing Defendants.

To the extent that Plaintiff is seeking compensatory damages against Defendants in their official capacities, we will recommend that the Court dismiss this relief sought with prejudice. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010). Based upon well-settled case law, we find it would be futile to allow Plaintiff to amend his Complaint to seek compensatory damages against Defendants in their official capacities. *See Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

Plaintiff also cannot seek punitive damages as against Defendants in their official capacities. Plaintiff can only seek punitive damages as against Defendants in their individual or personal capacities. *See Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983). Thus, Plaintiff's claims for punitive damages against Defendants in their official capacities should be dismissed with prejudice without leave to amend. Thus, we find it would be futile to allow Plaintiff to amend his Complaint to seek punitive damages against Defendants in their official capacities. *See Van Tassel v. Lawrence County Domestic Relations Section,* 659 F.Supp.2d 672, 696 (W.D. Pa. 2009).

### D.     CLAIM FOR DECLARATORY RELIEF

As stated, Plaintiff requests the Court to issue a declaratory judgment that the past conduct he alleged Defendants committed violated his constitutional rights.   (Doc. 10, p. 11).     In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. **Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect.** *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

(Emphasis added).

Plaintiff Tenon is seeking declaratory relief that this Court declare the alleged past conduct of Defendants was a violation of his constitutional rights.   (Doc. 10, p. 11).  We find that Plaintiff lacks standing to request a declaratory judgment regarding alleged past exposure to unconstitutional actions by Defendants.  *See Blakeney, supra.*

Therefore, we will recommend that Plaintiff's request for declaratory relief seeking this Court to declare the alleged past conduct of Defendants violated his constitutional rights (Doc. 10, p. 11) be dismissed from this case with prejudice. *See Blakeney, supra.*   Based on the above discussion, we find futility of allowing Plaintiff to amend his Complaint with

respect to his stated request for declaratory relief.  *See Alston v. Parker*, 363 F.3d at  235-236.

## V.    RECOMMENDATION.

Based on the foregoing discussion, we respectfully recommend that:

1.  This Court **DISMISS WITH PREJUDICE** Plaintiff's state law negligence claims against all five (5) Defendants, namely, Dreibelbis, Mahuut, Tyson, Agawal and Long.

2.  This Court **DISMISS WITH PREJUDICE** Plaintiff's request for declaratory relief seeking this Court to declare the alleged past conduct of Defendants violated his constitutional rights.

3. This Court **DISMISS WITH PREJUDICE** Plaintiff's compensatory and punitive damages request for relief against Defendants in their official capacities.

4.  This Court **DISMISS WITH PREJUDICE** Plaintiff's denial of medical care claims against Defendant P.A. Mahuut.

5.  This Court **DISMISS WITH PREJUDICE** Plaintiff's denial of medical care claims against Defendant P.A. Tyson.

6.  This Court **DISMISS WITH PREJUDICE** Plaintiff's denial of medical care claims against Defendant Dr. Agawal.

7.  This Court **PERMIT TO PROCEED** Plaintiff's Eighth Amendment denial of medical care claims against Defendant Dr. Long Defendant HCA Dreibelbis.

8. This Court remand this case to the undersigned for further proceedings as against Defendant Dr. Long Defendant HCA Dreibelbis, including service of Plaintiff's Amended Complaint on them.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 19, 2012**

ANTHONY TENON,                :        CIVIL ACTION NO. **1:12-CV-1278**

                              :

        Plaintiff           :        (Judge Caldwell)

                              :

        v.               :        (Magistrate Judge Blewitt)

                              :

WILLIAM DREIBELBIS, *et al.*,    :

                              :

        Defendants      :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 19, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate

judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.

_____
**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:   November 19, 2012**