IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY TENON,

    Plaintiff

    v.

WILLIAM DREIBELBIS, et al.,

    Defendants

CIVIL NO. 1:12-CV-1278

(Judge Caldwell)

(Magistrate Judge Blewitt)

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering the report and recommendation of the magistrate judge recommending that the two motions for summary judgment, filed by each of the two remaining defendants, be granted. Plaintiff has filed objections to the report. Because objections were filed, the court must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

    Plaintiff made an Eighth Amendment medical claim against various defendants arising from treatment he received for a broken jaw. Plaintiff suffered the broken jaw after he fainted in his cell at SCI-Smithfield as a result of his diabetes. The report deals with the liability of the remaining two defendants in the case: William Dreibelbis, Smithfield's corrections health care administrator, and Dr. Ronald Long, a doctor at Smithfield. The magistrate judge recommends that the claim be dismissed as

against Dreibelbis because he had no involvement in Plaintiff's medical care, having instead handled Plaintiff's grievance concerning the care he did receive. (Doc. 1, ECF p. 14). The magistrate judge recommends that the claim be dismissed as against Dr. Long because Dr. Long's involvement in Plaintiff's care was limited to having received two inmate requests from Plaintiff complaining that the Motrin he had been prescribed by a physician's assistant for pain was not working. (Doc. 1, ECF pp. 10 and 12). The magistrate judge reasoned that Dr. Long, as a nontreating physician, could not be held liable for an Eighth Amendment violation for this limited contact with Plaintiff, given the treatment he was receiving, which included eventual surgical repair of his jaw.

We have reviewed Plaintiff's objections and find them to be without merit as they do not address the facts relevant to his claims against these defendants.

Accordingly, this 7th day of November, 2013, upon consideration of the report and recommendation of the magistrate judge (Doc. 66), and the objections that were filed (Doc. 70), and upon independent review of the record, it is ORDERED that:

   1. The magistrate judge's report (Doc. 66) is adopted.

   2. The motion (Doc. 46) for summary judgment filed by Defendant Long is GRANTED.

   3. The motion (Doc. 50) for summary judgment filed by Defendant Dreibelbis is GRANTED.

4. The Clerk of Court shall enter judgment in favor of Defendants Long and Dreibelbis and against Plaintiff.

5. The Clerk of Court shall close this file.

                                    /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge