UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY L. TENON, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 1:12-CV-1278 |
| : | |
| WILLIAM DREIBELBIS, et al., : | |
|     Defendants : | |

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion to dismiss. (Doc. 93). This case relates to a civil rights action in which Plaintiff, Anthony Tenon, alleges that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment. (Doc. 90). On December 17, 2012, based on a report and recommendation of then-Magistrate Judge Blewitt, we dismissed Plaintiff's claims against Defendant Dr. Ramesh Agarwal. (Doc. 20; Doc. 23). Plaintiff appealed and the Third Circuit vacated our dismissal. Tenon v. Dreibelbis, 606 F. A'ppx 681, 688 (3d Cir. 2015). On remand, Plaintiff filed an amended complaint. (Doc. 89; Doc. 90). Defendant Agarwal, making several arguments, seeks to dismiss portions of the amended complaint. (Doc. 93). For the reasons discussed below, we will deny the motion.

II.     Background[1]

Plaintiff is an inmate within the Pennsylvania correctional system. (Doc. 90 at 2). On July 16, 2010, while housed at the State Correctional Institute at Smithfield, Plaintiff suffered a diabetic seizure, causing him to fall and hit his head on the toilet in his cell. (Id.). On July 19, 2010, X-rays were taken of Plaintiff's head and he was examined by Physician's Assistant Josh Mahute. (Id. at 3). Mahute informed Plaintiff that his left jaw was fractured and that it would need to be surgically repaired by a specialist. (Id.). In the interim, Mahute prescribed pain medication and a soft diet. (Id.). Plaintiff was given enough pain medication to last a week, but the prescription was not refilled once it was exhausted. (Id.). He never received the soft diet. (Id.).

The week of July 30, 2010, Plaintiff submitted a sick-call slip requesting pain medication. (Id.). He was examined by Defendant Agarwal, who again advised Plaintiff that his left jaw was broken and that he would be referred to a different doctor for surgery. (Id.). Between August 5, 2010 and August 19, 2010, Plaintiff submitted three additional sick-call slips. (Id. at 3-4). Each requested pain medication and inquired about the delay in obtaining the required surgery. (Id.). All went unanswered. (Id.). Plaintiff was transferred to the State Correctional Institute at Pittsburgh on August 26, 2010. (Id.). On September 17, 2010, two months after he was injured, Plaintiff was examined at the University of Pittsburgh Medical Center by a maxillofacial specialist. (Id.). The specialist determined that Plaintiff suffered two fractures to his left jaw and one fracture to his right jaw. (Id. at 5). He repaired the left fractures, but was unable to surgically repair the right fracture because it had begun to fuse on its own. (Id.).

---

1. The following facts are set forth in Plaintiff's second amended complaint and are taken as true, as they must be when considering a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

On July 3, 2012, Plaintiff filed a complaint in this court pursuant to 42 U.S.C. § 1983. (Doc. 1). He filed an amended complaint on August 13, 2012. (Doc. 10). The amended complaint alleged that Dr. Agarwal, among others,

> had personal knowledge and direct responsibility to the treatment of the plaintiff's broken jaw, his chronic care diabetic condition, the lack of liquid diet, and numerous sick call requests pleading for treatment of his broken jaw, and treatment for his pain and suffering, yet . . . repeatedly and consciously denied and ignored treatment of plaintiff's serious medical injury.

(Doc. 10 at 8-9). Accordingly, Plaintiff claimed that Defendant Agarwal, "in denying the plaintiff's requests for medical treatment of severe pain[] and knowingly failing to provide a liquid diet," was deliberately indifferent to his serious medical needs, a violation of the Eighth Amendment. (Doc. 10 at 9-10).

Following an initial screening under the Prison Litigation Reform Act, we dismissed Plaintiff's claims against Defendant Agarwal, finding that Plaintiff failed to allege enough facts to support the deliberate indifference standard. (Doc. 23; Doc. 20 at 15). Plaintiff appealed the dismissal. (Doc. 76). The Third Circuit held that in the face of Defendant Agarwal's knowledge that Plaintiff required surgery "and the knowledge that it had been nearly two weeks since the injury, yet the prescribed soft diet had not been provided, [Plaintiff's] allegations that Agarwal failed to respond to his claims for stronger pain medication for his 'excruciating pain' are sufficiently serious to support an Eighth Amendment claim." Tenon, 606 F. A'ppx at 686. Accordingly, the Third Circuit "vacate[d] the dismissal of the claims against Dr. Agarwal." Id. at 688.

On remand, we issued an order on September 30, 2015 directing the United States Marshal to serve Defendant Agarwal with the amended complaint. (Doc. 82). In January 2016, Plaintiff, represented by counsel for the first time, filed a motion seeking

3

leave to file a second amended complaint. (Doc. 88). We granted the motion. (Doc. 89). In the second amended complaint, Plaintiff alleges that "Defendant Agarwal's failure to provide necessary oral surgery in a timely manner, his failure to provide a soft diet, and his failure to provide pain medication exhibits a deliberate indifference to a serious medical need," in violation of the Eighth Amendment. (Doc. 90 at 5). As in the first amended complaint, the relief Plaintiff seeks includes compensatory damages, punitive damages, attorneys' fees, and declaratory relief. (Doc. 10 at 11; Doc. 90 at 6).

On March 15, 2016, Defendant Agarwal filed a motion to dismiss portions of the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 93). First, he argues that Plaintiff's allegation that he failed to provide necessary oral surgery in a timely manner is a new, and therefore time-barred, claim. (Doc. 94 at 3-6). Second, he argues that we should dismiss Plaintiff's claim that he failed to provide Plaintiff with a soft diet because the Third Circuit did not permit such a claim to proceed. (Doc. 94 at 6-8). Last, he argues that Plaintiff's claim for punitive damages should be dismissed because the second amended complaint lacks allegations that, if true, would warrant punitive damages. (Doc. 94 at 8).

III.         Discussion

        A. Standard of Review

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d

Case 1:12-cv-01278-WWC   Document 97   Filed 06/07/16   Page 5 of 10

203, 210 (3d Cir. 2009) (quoting <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555.

### *B. Failure to Provide Necessary Surgery*

Defendant Agarwal first argues that Plaintiff is time-barred from claiming that he failed to provide necessary surgery. (Doc. 94 at 3-6). He posits that it is a new claim – asserting that neither the original complaint nor the first amended complaint alleged that he failed to provide necessary surgery in a timely manner. (<u>Id.</u>). Although he recognizes that Plaintiff may, with leave of court, file an amended complaint to add new claims, Defendant argues that in order for any new claim to be timely it must either be within the two-year statute of limitations or it must relate back to the original pleading. (<u>Id.</u>). Defendant argues that neither condition is satisfied with respect to this claim. He asserts that it is not within the statute of limitations because Plaintiff's injuries occurred over five years ago, and it does not relate back because he was not given the requisite fair notice. (<u>Id.</u>). Plaintiff, conversely, points to language in both prior complaints and asserts that it is not a new claim. <u>See</u> (Doc. 1 at 8) ("The (5) five week denial of medical treatment of the

5

Plaintiff's fractured jaw, by . . . Medical Doctor Agarwal, violated the Plaintiff's Eighth Amendment Rights . . . ."); (Doc. 10 at 10) (stating that Dr. Agarwal denied medical treatment). Moreover, he argues that the claim relates back. (Doc. 95 at 9-10).

While we agree that it is a new claim against Defendant Agarwal,[2] we find that it does relate back to the first amended complaint. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "[a]n amendment relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B). As interpreted by the Supreme Court, this requires "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005). A common core of operative facts exists if "the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). Thus, new claims will relate back if they "restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding complaint." Id. If, however, a new claim "asserts a new ground for relief supported by facts that differ in both time and

---

2. In the "legal claims" section of Plaintiff's first amended complaint, he stated that "[t]he actions of . . . Doctor [Agarwal] . . . in denying the plaintiff's request for medical treatment of severe pain, and knowingly failing to provide a liquid diet, violated Anthony L. Tenon's rights and constituted deliberate indifference . . . ." (Doc. 10 at 9-10). Our initial screening and the Third Circuit's opinion both recognized that this language set out two claims against Defendant Agarwal: (1) he violated the Eighth Amendment by failing to provide pain medication; and (2) he violated the Eighth Amendment by failing to provide a soft diet. See Tenon, 606 F. A'ppx at 685 ("He further alleges that . . . Dr. [Agarwal] failed to address his complaints regarding the severity of his pain and improper diet."); (Doc. 20 at 15). Because the first amended complaint superseded the original complaint, see (Doc. 11), the language in the original complaint is irrelevant for purposes of determining what claims Plaintiff previously asserted.

6

type from those the original pleading set forth[,]" the claim will not relate back. Mayle, 545 U.S. at 650.

Here, Plaintiff's first amended complaint and second amended complaint both allege that he: (1) fell in his cell and broke his jaw; (2) did not receive pain medication; (3) did not receive a soft diet; and (4) did not receive reparative surgery in a timely manner. They also both allege that Defendant Agarwal had knowledge of these facts, yet was deliberately indifferent to Plaintiff's serious medical needs. Thus, Plaintiff's new claim is not supported by facts that differ in time and type from those that supported the original claims. Indeed, the two complaints state and rely on the exact same facts and legal theory. The second amended complaint simply states with greater particularity which specific actions (or lack thereof) by Defendant Agarwal amount to violations of the Eighth Amendment. Therefore, Plaintiff's first amended complaint provided Defendant with fair notice of the general fact situation and legal theory on which Plaintiff's new claim proceeds.[3] Because there is a common core of operative fact, Plaintiff's claim that Defendant Agarwal failed to provide necessary surgery in a timely manner relates back to the first amended complaint and is not time barred.

---

3. Defendant argues that he did not receive fair notice because he was "not given notice of any of the claims filed against him until five and a half years after the incident in question." (Doc. 94 at 6). His argument misses the mark. "Fair notice," in the context of Rule 15(c)(1)(B), relates to content, not timing. As discussed above, fair notice exists if the original complaint informs the defendant of the "general fact situation and legal theory upon which the amending party proceeds . . . ." Bensel, 387 F.3d at 310; see also Glover v. FDIC, 698 F.3d 139, 145 (3d Cir. 2012) (stating that Rule 15 requires "that the already commenced action sufficiently embraces the amended claims"). Moreover, the delay in service of the complaint was beyond Plaintiff's control. We dismissed his claims against Defendant Agarwal after an initial screening and it was not until after we resolved the remaining claims on summary judgment that Plaintiff was able to appeal our dismissal. Even after the Third Circuit reversed the dismissal, the complaint could not be served until we directed the United States Marshal to do so.

### C. Failure to Provide Soft Diet

Defendant Agarwal next argues that the Third Circuit's ruling precludes Plaintiff's claim that he failed to provide a soft diet. (Doc. 94 at 6-7). According to Defendant, when the Third Circuit reversed our dismissal of Plaintiff's claims, it only did so with respect to the claim that Defendant failed to provide pain medication. (Id.). In support, Defendant points to the following language in the Third Circuit's opinion: "Tenon's allegations that [Agarwal] failed to respond to his claims for stronger pain medication for his 'excruciating pain" are sufficiently serious to support an Eighth Amendment claim." Tenon, 606 F. A'ppx at 686. Thus, Defendant argues that Plaintiff's claim that he failed to provide a soft diet has already been, and remains, dismissed.[4]

Defendant reads the Third Circuit's opinion too narrowly. In its opinion, the Third Circuit identified two claims against Defendant Agarwal set out in Plaintiff's complaint: (1) Agarwal failed to address Plaintiff's requests for pain medication; and (2) Agarwal failed to provide Plaintiff with a soft diet. See Tenon, 606 F. A'ppx at 685 ("He further alleges that . . . Dr. [Agarwal] failed to address his complaints regarding the severity of his pain and improper diet."). It observed that we dismissed both claims because we found that Plaintiff failed to allege facts sufficient to demonstrate deliberate indifference. Id. In reversing that dismissal, the Third Circuit concluded, "We will vacate the dismissal of the claims against Dr. Agarwal . . . and remand for further proceedings on those claims. Id. at 688. Had it intended to reinstate only one of Plaintiff's claims, we

---

4. Defendant also argues that the allegation that he failed to provide surgery was not reinstated by the Third Circuit and is insufficient to meet the deliberate indifference standard. (Doc. 94 at 6). Because we found that Plaintiff's failure-to-provide-surgery claim is a new claim that relates back, Defendant's argument that it was not reinstated by the Third Circuit is moot. Further, in evaluating the exact same claim against a co-defendant, the Third Circuit held that "[s]uch a claim is cognizable under the Eighth Amendment." Tenon, 606 F. A'ppx at 687.

doubt that the Third Circuit would have used the broad term "claims," but would have done so using exacting and bifurcating language.  Therefore, while we agree that its analysis focused on Defendant's failure to provide pain medication, it is clear to us that the Third Circuit reversed our dismissal with respect to both of Plaintiff's then-existing claims against Defendant Agarwal.  Accordingly, Plaintiff's claim that Defendant Agarwal failed to provide a soft diet was reinstated.

### D.  Punitive Damages

Finally, Defendant argues that Plaintiff's claim for punitive damages should be dismissed.  Both parties agree, see (Doc. 94 at 8; Doc. 95 at 15), that punitive damages may only be awarded when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983).  They disagree, however, whether a reasonable juror could find that such a threshold is met in this case.  Defendant argues that the complaint is "devoid of any allegations which, if true, would warrant imposition of punitive damages."  (Doc. 94 at 8).  Conversely, Plaintiff argues that his claims that Defendant "failed to respond to his requests for a soft diet and pain medication despite excruciating pain could be construed by a fact finder to exhibit callous indifference or recklessness . . . ."  (Doc. 95 at 15).

Viewing the complaint in the light most favorable to Plaintiff, we agree with Plaintiff that a reasonable trier of fact could conclude that Defendant Agarwal acted with reckless or callous indifference.  Courts generally permit a claim for punitive damages to survive a motion to dismiss if the complaint sets out a cognizable deliberate indifference claim.  This is so because the standard to show "deliberate indifference" is substantially

the same as the standard to show "reckless or callous indifference. <u>Thomas v. Luzerne Cnty. Corr. Facility</u>, 310 F. Supp. 2d 718, 722 (M.D. Pa. 2004) (permitting punitive damages claim because the plaintiff alleged defendant's conduct "was intentional, willful and done with deliberate indifference."); <u>Walker v. Brooks</u>, No. 07-280, 2009 WL 3183051 at *9 (W.D. Pa. Sept. 30, 2009) ("The standard to show 'callous indifference' to a federally protected right has been found to be essentially the same standard as 'deliberate indifference' under the Eighth Amendment."); <u>Bermudez v. City of Phila.</u>, No. 06-4701, 2007 WL 1816469 at *3 (E.D. Pa. June 21, 2007) (holding that since the complaint set out a deliberate indifference claim, "it follows logically that 'reckless or callous indifference' has been noticed").  Here, Plaintiff's allegations are sufficient to state deliberate indifference claims.  <u>See</u> <u>Tenon</u>, 606 F. A'ppx at 686.  Accordingly, we decline to dismiss Plaintiff's claim for punitive damages.

*IV.*        *Conclusion*

For the reasons discussed above, we will deny Defendant Agarwal's motion to dismiss portions of Plaintiff's second amended complaint.  We will issue an appropriate order.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge