IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY L. TENON, :
    Plaintiff :
:
   vs. : CIVIL NO. 1:CV-12-1278
:
WILLIAM DREIBELBIS, et al., : (Judge Caldwell)
    Defendants :
:
:

*M E M O R A N D U M*

Plaintiff, Anthony L. Tenon, an inmate at the Forest state correctional institution, filed this 42 U.S.C. § 1983 civil-rights suit alleging Eighth Amendment medical claims arising from treatment he received for a broken jaw while he was confined at the Smithfield state correctional institution. His claim that defendant Ronald Long, M.D., failed to provide pain medication and a soft diet is scheduled for trial.

Plaintiff has filed a motion in limine to exclude from evidence his convictions for the following offenses: (1) 2001 convictions for criminal attempt and conspiracy to commit burglary; (2) 2005 convictions for rape of a person less than thirteen years of age, involuntary deviate sexual intercourse with a person less than thirteen years of age, endangering welfare of children, corruption of minors, and incest.

Plaintiff filed a brief in support of the motion, and Defendant filed a brief in opposition. Plaintiff did not file a reply brief. Also, neither party has supplied us with a record documenting the convictions or showing which convictions are the cause of his incarceration.

Defendant says the convictions are admissible under Fed. R. of Evid. 609 to impeach Plaintiff's testimony at trial. In pertinent part, to assess a witness's credibility, Rule 609(a)(1)(A) requires that the witness's conviction for a crime punishable by imprisonment for more than one year be admitted into evidence, "subject to Rule 403." Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

A different rule applies to convictions over ten years old or when more than ten years have passed since the witness was imprisoned on the conviction. In pertinent part, under Rule 609(b)(1), "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."

Rule 609(b)(1) reverses the balancing that occurs under Rule 403. *Womack v. Smith*, No. 06-CV-2348, 2012 WL 1245752, at *3 (M.D. Pa. Apr. 13, 2012). "Whereas under Rule 403 unfair prejudice must substantially outweigh the evidence's probative value, for convictions over ten years old, the probative value of the conviction must substantially outweigh the prejudicial effect." *Id.* "The Advisory Committee Notes for Rule 609(b) emphasize that 'convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'" *See United States v. Ponder*, No. 16-CR-0056,

2017 WL 2633467, at *1 (M.D. Pa. Jun. 16, 2017)(quoting *United States v. Shannon*, 766 F.3d 346, 352 n.9 (3d Cir. 2014)).

Among other arguments, Plaintiff contends that the convictions should be excluded on the following grounds. First, the convictions in 2001 for criminal attempt and conspiracy to commit burglary are more than ten years old and should be excluded under Rule 609(b)(1). Second, the 2005 convictions are also more than ten years old and should also be excluded under Rule 609(b)(1). Third, the 2005 convictions are of such a heinous nature that they would bias the jury against Plaintiff and prevent them from properly assessing the factual issues. Further, while a limiting instruction can sometimes count toward admission of the convictions, sometimes limiting instructions are not enough, and that is true here, given the nature of the 2005 crimes.

In opposition, Defendant asserts that credibility is a critical issue in this case, so the convictions should be admitted as relevant to Plaintiff's credibility. He also argues that Rule 609(b)(1) does not apply because Plaintiff is incarcerated and the ten-year time frame would only start running from the date of his release from confinement, not from the date of his conviction. Further, Plaintiff's concerns about the nature of the 2005 convictions can be obviated by admitting into evidence, not the names of the convictions, but only "the number of times the prisoner has been convicted of a felony and the length of the incarceration associated with the felony convictions." (Doc. 135, Def.'s Opp'n Br. at p. 1). This would prevent the jury from being biased by the nature of

the convictions while at the same time allowing Defendant to submit evidence bearing on Plaintiff's credibility.

We agree with Defendant that Rule 609(b)(1) does not apply to the 2005 convictions as we think Plaintiff fairly admits, at least for the purpose of the current motion, that he is currently incarcerated on these convictions and so the ten-year period in Rule 609(b)(1) has not yet started to run. (Doc. 134, Pl.'s Br. in Supp. at p. 3)("There may be no circumstance under which jurors are willing to award damages to Mr. Tenon in this unrelated civil suit if evidence of the convictions that led to his incarceration are introduced.").

However, we think that Rule 609(b)(1) does apply to the 2001 convictions. Defendant, as the proponent of the evidence, has the burden of showing that the convictions are admissible. *See Ponder*, 2017 WL 2633467, at *2 (observing in a criminal case that the government "'bears the burden of persuading the court that the evidence should be admitted, i.e., that its probative value outweighs its prejudicial effect.'")(quoted case omitted). Defendant has not shown that Plaintiff is still serving time on these convictions. Rule 609(b)(1) thus applies. As noted, convictions over ten years old will be admitted very rarely and only in exceptional circumstances. We find no exceptional circumstances and will grant Plaintiff's motion in limine in regard to the 2001 convictions.

We turn now to the 2005 convictions. Rule 609(a)(1)(A) requires us to use Rule 403 in deciding whether to admit the convictions. In employing Rule 403, the Third Circuit has:

> directed that four factors should be weighed against the potential for prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand.

*Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014).

Here, on the first factor, the convictions are for the most part sexual crimes. Like crimes of violence, sexual offenses "are less probative of honesty than are crimes involving fraud or deceit." *Id.* at 273 (discussing crimes of violence). Nonetheless, they need not be excluded if in part the court explains its reasons for admission under Rule 403. *Id.* This factor favors admission, since Defendant does not seek to admit the names of the offenses, just the number of the offenses that qualify as convictions under Rule 609(a)(1)(A).[1]

On the second factor, the time elapsed since the convictions is considerable, over ten years. That would normally favor Plaintiff, but he has been in prison on these offenses since the time of conviction. This favors admission of the offenses, despite their age. *See generally*, *Ponder*, 2017 WL 2633467, at *3.

---

[1] In *Perryman v. H&R Trucking, Inc.*, 135 F. App'x 538, 541 (3d Cir. 2005) (nonprecedential), the Third Circuit approved of omitting the specific nature of a conviction to guard "against the extremely prejudicial effect" on the jury of a particular crime. In *Perryman*, the impeaching conviction was for a sexual assault.

On the third factor, the importance of the witness's testimony to the case, this factor would normally favor Plaintiff as it would appear that it is his testimony that would be necessary to establish that Defendant failed to provide him with pain medication and a soft diet. However, since the names of the offenses are not going to be admitted at trial, this factor is neutral. *Ponder*, 2017 WL 2633467, at *3.

On the fourth factor, the importance of credibility to the claim at hand, the credibility of Plaintiff is crucial, as it would appear that it is his testimony that would be necessary to establish that Defendant failed to provide him with pain medication and a soft diet. Since Plaintiff's credibility is crucial, this factor favors admission of the convictions. *Ponder*, 2017 WL 2633467, at *4.

Overall, considering the four factors, and that Defendant wants to admit only the fact of the convictions, we will deny Plaintiff's motion in limine to exclude the 2005 convictions.[2]

Motions in limine should rarely be granted pretrial. *Womack*, 2012 WL 1245752, at *2. We thus consider our decision subject to change depending upon the evidence presented at trial.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 26, 2017

---

[2] Defendant also wants to admit the length of the incarceration associated with each conviction, but we think Defendant should be limited to showing that each conviction satisfies Rule 609(a)(1) in that each offense is for a crime punishable by imprisonment for more than one year.